United States District Court
Northern District of California

*NOT FOR PUBLICATION*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**DAVID KHAN, ET. AL.,**
Plaintiffs,

vs.

**CITY OF PINOLE POLICE DEPARTMENT, ET. AL.,**
Defendants.

CASE NO. 4:19-cv-06316-YGR

**ORDER: (1) DENYING MOTION TO DISQUALIFY JUDGE; (2) GRANTING MOTIONS TO DISMISS; (3) DENYING AS MOOT MOTION TO COMPEL; (4) GRANTING MOTION TO STRIKE; AND (5) DENYING MOTION FOR INJUNCTION**

Re: Dkt. Nos. 16, 18, 19, 35, 40, 45, 55

*Pro se* plaintiffs David Khan, Nay Zar Tun Kyaw, and AK bring this action against defendants City of Pinole Police Department, Sergeant Justin Rogers, Officer Patrick Rude, Detective Zachary Blume, Officer Christian Keister, Officer Linda Segundo, Officer Badge # 216/359, Chief Neil H. Gang, Eric Casher, City Manager Mitchel Feitzer, City of Pinole & Employees, Contra Costa County District Attorney, Contra Costa County & Employees, Inspector Darryl Holcombe, Phyllis Redmond, City of Daly City & Employees, Daly City Police Department, Officer J.E. Williams, Officer Brandon Scholes, Ronaldo Lemus Bermudes, Paula Velazques Gonzalez, Jason Huntchison, San Mateo County & Employees, San Mateo County District Attorney Detective Ronald Mussman, Officer Ira Perez, and the Contra Costa County Prison System. Plaintiffs allege civil rights and torts causes of actions against various defendants.

Now before the Court are several motions. First, plaintiffs seek to disqualify the undersigned. (Dkt. No. 35.) Second, defendants City of Pinole Police Department, San Mateo County & Employees, San Mateo County District Attorney's Office, and City of Daly City move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). (Dkt. Nos. 16, 18, 19.) Third, plaintiffs move to compel discovery from defendants regarding allegedly concealed documents. (Dkt. No. 40.) Fourth, defendants move to strike the amended complaint filed by plaintiffs after the parties had completed briefing on the motions to dismiss. (Dkt. No. 45.)

United States District Court
Northern District of California

Finally, Khan has filed a motion for an injunction. (Dkt. No. 55.)

Having carefully reviewed the record, the papers submitted on each motion, and for the reasons set forth more fully below, the Court: (1) **DENIES** the motion to disqualify; (2) **GRANTS** the motions to dismiss; (3) **DENIES AS MOOT** the motion to compel; (4) **GRANTS** the motion to strike; and (5) **DENIES** the motion for an injunction.

The Court summarizes the allegations of the complaint and the relevant procedural history of this matter. Thus:[1]

This action stems from alleged constitutional violations resulting from an incident that occurred on December 24, 2016. Specifically, as alleged in the complaint, Khan sought to recover purported stolen goods from his business partner, Ronaldo Lemus Bermudes totaling more than $100,000. The theft, as alleged in the complaint, occurred three weeks prior, on December 3, 2016, and was reported by Khan to the Daly City Police Department. After officers arrived at the scene and had discussions with Khan and Bermudes, Khan was arrested for child cruelty and threatening the life of Bermudes. Khan was informed that his vehicle would be impounded and was subsequently searched. At some point, Kyaw and AK were relocated to the back of a police

---

[1] The parties request that the Court take judicial notice of several documents. First, City of Daly City requests that the Court take judicial notice of the filings and the docket in the matter *David Khan v. Justin Rogers*, 3:17-cv-05548-RS. "[Courts] may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). Thus, the Court **GRANTS** this request.

Second, San Mateo County & Employees and San Mateo County District's Attorney's Office asks that the Court take judicial notice of several ordinances and webpages maintained by the County. Although the Court does not ultimately rely on such information, the Court finds that such information is suitable for judicial notice. *See Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (quoting in part Fed. R. Evid. 201) (noting that courts may take judicial notice of documents or information that "can be accurately and readily determined from sources whose accuracy cannot be questioned," including "undisputed matters of public record"). Thus, the Court **GRANTS** this request.

Finally, plaintiffs request that the Court take judicial notice of several documents, including: text messages, emails, policies, and records relating to Khan's incarceration. Although the Court does not ultimately rely on such information, the Court finds that only the policies and the records relating to Khan's incarceration are properly judicial; specifically, Exhibits 3, 4, 7, and 8. Thus, the request is **GRANTED** as to those exhibits. The request is otherwise **DENIED**, as the remaining exhibits are not materials that are not judicially noticeable.

cruiser, but were not alleged to have been arrested, and were released after the incident.

This is not the first case that plaintiffs Khan and Kyaw have filed in this federal district court over the December 24, 2016 incident. As this docket reflects, plaintiffs filed a previous case on September 25, 2017 that was assigned to the Honorable Richard Seeborg, *David Kahn v. Justin Rogers*, 3:17-cv-05548-RS ("*Khan I*").[2] (*See* Dkt. Nos. 11, 13.) The disposition of *Khan I* is relevant to the Court's analysis here:

In *Khan I*, plaintiffs sought nearly identical similar relief over the same events that occurred on December 24, 2016. *See Khan I*, Dkt. No. 39 (operative complaint). Indeed, on July 5, 2019, plaintiffs filed the *same* complaint in *Khan I* that they later filed in this matter. *See Khan I*, Dkt. No. 151 (Second Amended Complaint).[3] Less than a week later, on July 11, 2019, after almost two years of contentious litigation, Judge Seeborg granted in part the defendants' motion to dismiss for terminating sanctions based on extensive misconduct and abuse by Khan in the discovery process. *See Khan I*, Dkt. No. 153 at 9 (Order Granting in Part and Denying in Part Motion to Dismiss) (N.D. Cal. July 11, 2019). Specifically, Khan ignored several court orders regarding the production of evidence, and failed multiple times to respond appropriately and comply with the applicable rules of conduct in the deposition process. *Id.* at 1-6 (summary of discovery misconduct). As a result of this misconduct, Khan's claims were dismissed with prejudice. *Id.* at 9. Judge Seeborg found, however, that Kyaw's claims were not appropriately dismissed, *id.*, but later granted summary judgment in January 2020 in favor of the defendants as to Kyaws' remaining claims. *Khan I*, Dkt. No. 206 (Order Granting Motion for Summary Judgment) (N.D. Cal. Jan. 13, 2020); *see also Khan I*, Dkt. No. 207 (judgment) (N.D. Cal. Jan. 13, 2020).

On October 2, 2019, plaintiffs commenced this action by filing the complaint. After the expiration of a brief stay, the parties filed the instant motions: a motion to disqualify, three

[2] Unlike in this matter, AK was not a plaintiff in *Khan I*.

[3] Judge Seeborg would later grant a motion to strike this second amended complaint. *See Khan I*, Dkt. No. 166 (Order Granting Motion to Strike Second Amended Complaint) (N.D. Cal. July 29, 2019).

motions to dismiss, a motion to compel, a motion to strike, and a motion for an injunction.[4] Following the completion of briefing on these motions,[5] Kyaw filed a letter stating her intention to withdraw herself and AK from this matter, stating that she and Khan are in the process of divorce and that she retains full custody of AK. (*See* Dkt. No. 56 at 1.) Kyaw states that Khan filed the matter without her consent, and that she and AK "no longer want to be in that . . . case. We will be grateful if we both will be dismissed from this case with immediate[] effect." (*Id.*)[6]

Having summarized the procedural history, the Court turns to each of the pending motions. The Court first analyzes the motion to disqualify because the motion to disqualify affects the ability of the Court to hear the remaining pending motions. The Court thereafter addresses each motion in the chronological order in which they were filed. The Court is mindful of its obligation under existing precedent to construe plaintiffs' pleadings liberally, as they are proceeding *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed . . . and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" (internal quotation marks omitted)).

<u>Motion to Disqualify</u>. A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). To determine under Section 455(a) whether a district judge should be removed for possible bias or prejudice, the court should "ask whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (citations and internal quotation marks omitted). If a reasonable person would "perceive[ ] a significant risk that the judge will resolve the case on a basis other than the merits,"

[4] Plaintiffs had also filed a motion for summary judgment (Dkt. No. 49), which the Court denied without prejudice as premature where the Court had not yet ruled on the pending motions to dismiss. (Dkt. No. 53.)

[5] The Court notes that briefing on the motion for injunction was ongoing when it issued this Order. However, as discussed below, the motion for an injunction is without merit, and further briefing on the motion is not necessary.

[6] The Court notes that the letter is sealed on the docket because its attachment, a restraining order obtained by Kyaw and AK against Khan, discloses AK's full legal name.

United States District Court
Northern District of California

the judge's impartiality may reasonably be questioned. *Id*. But, the reasonable person is not "hypersensitive or unduly suspicious, but rather instead a well-informed, thoughtful observer." *Id*. (quotation marks omitted). Accordingly, the standard "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Id*.

Analysis under Section 455(a) is "necessarily fact-driven and may turn on subtleties in the particular case" and "must be guided, not by comparison to similar situations addressed by prior jurisprudence, but rather by an independent examination of the unique fact and circumstances of the particular claim at issue." *Id*. A judge's conduct, rulings, opinions, or statements during trial proceedings may be the sole basis for recusal under Section 455 only in the rarest of circumstances. *Id*. at 913-14. Section 455(e) additionally notes that "[w]here the ground for disqualification arises only under subsection (a), waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification." 28 U.S.C.A. § 455(e).

Here, plaintiffs only identify one basis for recusal: that the undersigned lacks specific knowledge on "complex technology" involving cells phones, computer operating systems, and security protocols. (Dkt. No. 35 at 2, 4.) Plaintiffs' arguments do not persuade. The undersigned routinely handles civil cases involving "complex technology." Moreover, such a basis fails to satisfy the standard discussed above required for recusal of a federal judge.

Thus, as plaintiffs identify no other basis or conflict requiring the undersigned's recusal, the motion to disqualify is **DENIED**.

Motions to Dismiss. The Court is guided by established precedent in the Rule 12(b) context: a complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, under Rule 8, a pleading that states a claim for relief must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought,

United States District Court
Northern District of California

which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

Here, in light of Kyaw's filing reflecting her intent to withdraw from this lawsuit, the Court **DISMISSES WITHOUT PREJUDICE** Kyaw's claims from this action.[7] Kyaw's filing further reflects her intent to withdraw AK from this lawsuit. The Court need not reach whether Kyaw possess the unilaterally ability to withdraw AK from this lawsuit, as AK's dismissal from this matter is appropriate in light of Ninth Circuit authority holding that parents cannot commence or maintain a lawsuit *pro se* on behalf of their children. *See John v. County of San Diego*, 114 F.3d 874, 877-78 (9th Cir. 1997) (holding that dismissal without prejudice of a minor child's claim is appropriate where a parent proceeding *pro se* and who is not an attorney initiated the lawsuit on behalf of the child). Thus, AK's claims are **DISMISSED WITHOUT PREJUDICE**.

Finally, the Court concludes that in light of the dismissal with prejudice of Khan's claims in *Khan I*, Khan's claims here are also appropriately dismissed on two grounds: (1) the statute of limitations; and (2) the doctrine of res judicata.[8]

First, regarding Khan's federal claims, neither 42 U.S.C. sections 1983 nor 1985 contain a statute of limitations, but the Ninth Circuit has looked to California's general personal injury statute of limitations for section 1983 lawsuits. *Del Perico v. Thornsley*, 877 F.2d 785, 786 (9th Cir. 1989) (applying former California Code of Civil Procedure section 340(3)); *Usher v. City of Los Angeles*, 828 F.2d 556, 558-561 (9th Cir. 1987) (same); *Owens v. Okure*, 488 U.S. 235, 236 (1989) (statute of limitations for section 1983 claims shall borrow the personal injury statute of limitations from the state in which the action arose). California's current statute of limitations for personal injury actions is 2 years. *See* Cal. Civ. Pro. § 335.1.

Further, regarding Khan's California state law claims, the Tort Claims Act, as reflected in Government Code section 911.2, provides: "A claim relating to a cause of action for death or for injury to person . . . shall be presented as provided in Article 2 (commencing with [s]ection 915)

---

[7] This dismissal is pursuant to Federal Rule of Civil Procedure 41(a), which provides that a plaintiff may dismiss claims without prejudice before the filing of an answer or a motion for summary judgment. The Court makes no express holding on the preclusive effects of *Khan I* on Kyaw's claims as that question is no longer before the Court in light of Kyaw's withdrawal.

[8] The Court declines to reach defendants' alternative arguments for dismissal.

not later than six months after the accrual of the cause of action." The statute allows for submission of late claims under certain circumstances; specifically, section 911.4 specifically provides that a written application for leave to present a late tort claim "shall be presented to the public entity as provided in Article 2 (commencing with [s]ection 915) within a reasonable time not to exceed one year after the accrual of the cause of action...." *See* Cal. Gov. Code § 911.4.

It is well-settled that failure to comply with the claim presentation requirements of the Tort Claims Act precludes any state claims against the public entity. *See Fall River Joint Unified School Dist. v. Sup. Ct.*, 206 Cal. App. 3d 431, 434 (1988); *State of Cal. ex rel. Dept. of Trans. v. Sup. Ct.*, 159 Cal. App. 3d 331, 334-35 (1984). "Compliance with the claims statute is mandatory and failure to file a claim is fatal to the cause of action." *Pacific Tel. & Tel. Co. v. Cnty. of Riverside*, 106 Cal. App. 3d 183, 188 (1980). *See also Myers v. Cnty. of Orange*, 6 Cal. App. 3d 626, 636-637 (1970) (claim statutes are comparable to a statute of limitations and have the same effect of baring a claim when not timely presented); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988) (dismissing claims against public employees and entities for failure to allege compliance with the Tort Claims Act).

Here, the incident at issue occurred on December 24, 2016. Under the above authority, Khan was required to file his lawsuit on or before December 24, 2018 and was required to comply with the claim presentation requirements by June 24, 2017. Even assuming that Khan's claims accrued from when he was no longer allegedly incarcerated on May 13, 2017, Khan was required to file his lawsuit on or before May 13, 2019 and required to comply with the claim presentation requirements by November 13, 2017. Here, Khan filed this lawsuit on October 2, 2019, and there are no allegations of compliance with the Tort Claims Act. Thus, the Court concludes that Khan's claims are subject to the statute of limitations and are appropriately dismissed with prejudice.

Second, the Court concludes that for the majority of defendants who appear in both this matter and the *Khan I* matter, Khan's claims are subject to the doctrine of res judicata.[9] The

---

[9] The Court notes that there are several defendants who were added to this matter that were not in *Khan I*, and, as discussed, were not in privity with any of the parties in *Khan I*. This section is not applicable to those defendants, but those claims against these defendants are



United States District Court
Northern District of California

doctrine of res judicata "bars all grounds for recovery which could have been asserted, whether they were or not, in a prior lawsuit between the same parties . . . on the same cause of action." *C.D. Anderson & Co., Inc. v. Lemos*, 832 F.2d 1097, 1100 (9th Cir. 1987). A plaintiff cannot avoid the bar of res judicata merely by alleging conduct by the defendant not alleged in the prior action, or by pleading a new legal theory. *McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986). "In order for res judicata to apply there must be: 1) an identity of claims, 2) a final judgment on the merits, and 3) identity or privity between the parties." *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). Res judicata "relieve[s] parties of the costs and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

These three requirements are easily satisfied. First, there is an identity of claims between the lawsuits, where the actions both concern the interactions of December 24, 2016. Indeed, as previously noted, Khan attempted to file the same complaint that initiated this lawsuit in the *Khan I* matter. Second, as to Khan's claims, there was a final judgment on the merits when Judge Seeborg dismissed Khan's claims with prejudice as a result of his discovery misconduct. *See Khan I*, Dkt. No. 153 at 9 (Order Granting in Part and Denying in Part Motion to Dismiss) (N.D. Cal. July 11, 2019). Judge Seeborg subsequently entered judgment reflecting the disposition of the case. *Khan I*, Dkt. No. 207 (judgment) (N.D. Cal. Jan. 13, 2020). Third, both actions concern the same defendants or defendants who were in privity with defendants in *Khan I* – here, employees whose employer (*i.e.* the City of Pinole) was sued in *Khan I*. *See Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 691-92 (9th Cir. 2007). Accordingly, Khan's claims are appropriately dismissed with prejudice on the basis of res judicata.

That Khan's claims are appropriately dismissed with prejudice should come as no surprise in light of *Khan I*. Khan is not entitled to a redo of his prior litigation because he was dissatisfied at the outcome; in other words, Khan is not entitled to a second bite at the apple. This is especially so where his own misconduct and abuses in the discovery process during *Khan I* were

---

appropriately dismissed as barred by the statute of limitations.

the impetus for terminating sanctions imposed by Judge Seeborg.

Accordingly, for the preceding reasons, defendants' motions to dismiss are **GRANTED**, and Khan's claims are **DISMISSED WITH PREJUDICE**.

Motion to Compel. The Northern District has held that a court may grant a motion to compel discovery upon certification that the moving party has attempted in good faith to obtain the discovery without court action. *See Apple Inc. v. Eastman Kodak Co.*, No. CV 10-04145 JW PSG, 2011 WL 334669, at *2 (N.D. Cal. Feb. 1, 2011). Other districts have required that "at a minimum, that the moving party plaintiff has the burden of informing the court (1) which discovery requests are the subject of his motion to compel, (2) which of the defendant's responses are disputed, (3) why he believes the defendant's responses are deficient, (4) why the defendant's objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action." *See Johnson v. Cate*, No. 1:10-cv-02348-LJO, 2014 WL 1419816, at *1 (E.D. Cal. 2014) (internal alterations omitted).

Here, as discussed, the Court has determined that Khan's claims – the only claims remaining in this lawsuit – are appropriately dismissed with prejudice. Thus, in light of the disposition of the motions to dismiss, the Court **DENIES AS MOOT** the motion to compel.

Motion to Strike. Under Federal Rule of Civil Procedure 12(f), a court may strike an amended complaint where the plaintiff fails to comply with the requirements and limitations set forth in Federal Rule of Civil Procedure 15. *See Brown v. Wireless Networks, Inc.*, No. C 07-4301 (EDL), 2007 WL 3105069, at *1 (N.D. Cal. Oct. 23, 2007). Rule 15 authorizes plaintiffs to file an amended complaint once as a matter of course either 21 days after serving said complaint or 21 days after receiving service of a responsive motion or pleading. Fed. R. Civ. P. 15(a)(1). Otherwise, plaintiffs who wish to amend a complaint must obtain either the opposing party's written consent or leave of the court. Fed. R. Civ. P. 15(a)(2).

Here, defendants filed their motions to dismiss on December 9, 2019. Under Rule 15(a)(1), Khan was required to file an amended complaint on or before December 30, 2019. Instead, Khan filed an amended complaint on February 12, 2020. (Dkt. No. 44.) Thus, Khan was well outside the confines of Rule 15(a)(1). Moreover, in light of the holdings of this Order with

respect to the motions to dismiss, the Court concludes that any amendment of the complaint would be futile. Accordingly, the Court **GRANTS** the motion to strike. The amended complaint is hereby **STRICKEN**.

Motion for an Injunction.[10] In order to determine whether a preliminary injunction should issue, the moving party must establish that: (i) it is likely to succeed on the merits; (ii) it is likely to suffer irreparable harm in the absence of preliminary relief; (iii) the balance of equities tips in its favor; and (iv) an injunction is in the public interest. *See Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1124 (9th Cir. 2014) (citing *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008)). The moving party must make a threshold showing of likelihood of success on the merits and irreparable harm, but a stronger showing on one element may offset a weaker showing on another. *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–32, 1135 (9th Cir. 2011). "It is so well settled as not to require citation of authority that the usual function of a preliminary injunction is to preserve the status quo ante litem pending a determination of the action on the merits." *Tanner Motor Livery, Limited v. Avis, Inc.*, 316 F.2d 804, 808 (9th Cir. 1963). Preliminary injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, is an "extraordinary and drastic remedy," that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-690 (2008) (internal citations omitted).

Here, Khan has not satisfied the aforementioned requirements to obtain this extraordinary and drastic remedy. Specifically, Khan does not and cannot establish a likelihood of success on the merits, because the motion makes clear that Khan seeks an injunction based on events that occurred in April and May of 2020. (*See* Dkt. No. 55 at 3-4.) These events are outside the scope of the former operative complaint, which concern an interaction that happened on December 24, 2016, and thus, fail to demonstrate the first requirement of a likelihood of success on the merits. Moreover, in light of the Court's holding in this Order, Khan cannot demonstrate a success on the merits of his claims because his claims are appropriately dismissed due to the statute of limitations

[10] Although captioned as a request for an injunction, the Court liberally construes this motion as a motion for a preliminary injunction.



United States District Court
Northern District of California

and the doctrine of res judicata. Finally, Khan fails to demonstrate any irreparable harm that would satisfy the issuance of a preliminary injunction. Thus, the Court **DENIES** the motion for injunction.

Accordingly, for the preceding reasons, the Court **HEREBY ORDERS** as follows:

(1) the motion to disqualify is **DENIED**;

(2) the motions to dismiss are **GRANTED**;

(3) the motion to compel is **DENIED AS MOOT**;

(4) the motion to strike is **GRANTED**; and

(5) the motion for an injunction is **DENIED**.

In light of the disposition of this Order, the Clerk of the Court is directed to close this matter.

This Order terminates Docket Numbers 16, 18, 19, 35, 40, 45, and 55.

**IT IS SO ORDERED.**

Dated: July 2, 2020

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**